IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: VICTOR FELIPE ARGUELLES, Debtor                      No. 5:18-bk-71309
                                                                Chapter 13


GUILLERMO R. CONTRERAS                                          PLAINTIFF

v.                              5:18-ap-7046

VICTOR FELIPE ARGUELLES                                         DEFENDANT


ORDER AND OPINION FINDING DEBTS NONDISCHARGEABLE

On July 6, 2018, Guillermo R. Contreras [Contreras or plaintiff] filed this adversary proceeding against Victor Felipe Arguelles [defendant or debtor].  In his complaint, the plaintiff seeks a determination that the state court judgment he obtained against the debtor is nondischargeable under 11 U.S.C. § 523(a)(2)(A) or, alternatively, under 11 U.S.C. § 523(a)(4).  On August 9, 2018, the debtor filed an answer to the complaint.  The Court held a trial on August 15, 2019.  Jennifer L. DuCharme appeared on behalf of the debtor.  Donald A. Brady and Ken David Swindle appeared on behalf of the plaintiff.  At the conclusion of the trial, the Court took the matter under advisement.  For the reasons stated below, the Court finds that the debt arising from the state court's punitive damage award of $60,000 is nondischargeable under § 523(a)(2)(A).  The Court further finds that the remainder of the state court judgment is dischargeable.  In addition, the Court finds that the debt arising from the debtor's embezzlement of the plaintiff's vehicle is nondischargeable under § 523(a)(4).

**Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This order contains findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure

7052.

**Background**

On April 25, 2017, the plaintiff filed a complaint against the defendant in state court. In his state court complaint, the plaintiff alleged that in November 2016, he paid the defendant $500 to repair his vehicle and the defendant promised to repair the vehicle and return it to the plaintiff within "a couple of weeks." The defendant refused to return the vehicle despite repeated demands from the plaintiff. The state court complaint alleged four causes of action: fraud, intentional infliction of emotional distress, conversion, and breach of contract. The defendant failed to file an answer to the state court complaint. As a result, on June 9, 2017, the allegations in the complaint were deemed admitted and the state court entered a default judgment against the defendant. The default judgment did not reference any of the four causes of action alleged in the state court complaint. On January 3, 2018, the state court impaneled a jury to determine damages [damages trial]. The plaintiff and his attorney in the state court action–Ken Swindle–appeared at the damages trial; the defendant did not. On January 5, 2018, the state court entered an order memorializing the jury's determination that the defendant owed the plaintiff $15,700 in compensatory damages and $60,000 in punitive damages. The state court also awarded the plaintiff his attorneys fees and costs.

On May 15, 2018, the defendant–now the debtor–filed his chapter 13 bankruptcy case. On July 6, 2018, the plaintiff filed the instant adversary proceeding, seeking a determination by this Court that the judgment he obtained against the debtor in state court is nondischargeable under § 523(a)(2)(A) and "if necessary," under § 523 (a)(4). Section 523(a)(2)(A) provides for the nondischargeability of debts

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). Section 523(a)(2) protects "'creditors who were tricked by debtors into loaning them money or giving them property, services, or credit through fraudulent means.'" *Harold v. Raeder* (*In re Raeder*), 399 B.R. 432, 437 (Bankr. N.D.W.Va. 2009) (quoting *Nunnery v. Rountree* (*In re Rountree*), 478 F.3d 215, 219-20 (4th Cir. 2007)). Section 523(a)(4) provides that a debtor's discharge does not include any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In his adversary complaint, the plaintiff alleged that the debtor's actions "could amount to the legal definition of embezzlement or larceny."

On October 10, 2018, the plaintiff filed a motion for summary judgment in which he alleged that there were no issues remaining for trial in this Court because the state court judgment had already established the type of debt that is nondischargeable in bankruptcy. On October 30, 2018, the debtor filed a response to the plaintiff's motion for summary judgment, arguing that the state court judgment did not preclude litigation in the context of this adversary proceeding because not all elements necessary for the Court to apply collateral estoppel were satisfied. The Court agreed with the debtor. On January 14, 2019, the Court entered an order denying the plaintiff's motion for summary judgment [January 14 order]. As the Court recognized in its January 14 order, four elements are required for collateral estoppel under Arkansas law: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc.*, 146 S.W.3d 852, 855 (Ark. 2004) (citation omitted).

In its January 14 order, the Court found that the first three elements of collateral estoppel were met as to the plaintiff's cause of action under § 523(a)(2)(A): the issue before this Court–fraud–was the same issue that was before the state court; the issue was actually litigated; and the issue was determined in state court by a valid and final judgment. However, the Court found that the fourth element of collateral estoppel–that fraud was

essential to the state court's judgment–was not met as to § 523(a)(2)(A) because the state court complaint alleged four causes of action and the default judgment referenced none of them. The Court stated in its January 14 order that it could not "conclude that the allegations relating to fraud were essential to the state court's order for default judgment when both fraud and non-fraud counts were alleged." *See Countrywide Home Loans, Inc. v. Blair* (*In re Blair*), 324 B.R. 725, 730-31 (Bankr. W.D. Ark. 2005*)* (citing *Dimmitt & Owens Fin., Inc. v. Green* (*In re Green*), 262 B.R. 557, 564 (Bankr. M.D. Fla. 2001)).

Before deciding that the fourth element was not met, the Court examined the damages awarded by the jury in an attempt to determine whether fraud–which would be nondischargeable here under § 523(a)(2)(A)[1]–was essential to the state court judgment:

> The jury's award of attorney fees and costs and $60,000.00 in punitive damages allows the Court to narrow down–but not decide–which causes of action were likely essential to the *Judgment of the Jury*. For example, attorney fees and costs may be awarded to the prevailing party in a breach of contract case but not in a tort action. *See* Ark. Code Ann. § 16-22-308; *see also Wheeler Motor Co., Inc. v. Roth*, 867 S.W.2d 446, 451 (Ark. 1993) ("When the prevailing party's claim is based in tort, an award of attorney's fees cannot be justified under section 16-22-308."). Therefore, the Court finds it probable that a breach of contract determination was essential to the *Judgment of the Jury* because such a determination would have provided a basis for an award of attorney fees and costs. Similarly, because punitive damages are ordinarily not allowed in breach of contact actions, the fact that the *Judgment of the Jury* contained such an award leads this Court to believe that at least one cause of action in addition to breach of contract may have been essential to the judgment. *See Superior Fed. Bank v. Jones & Mackey Constr. Co., LLC*, 219 S.W.3d 643, 652-53 (Ark. Ct. App. 2005) (punitive damages for breach of contract are generally not allowed.) Conversion alone will not support an award of punitive damages. *See City Nat'l Bank of Fort Smith v. Goodwin*, 783 S.W.2d 335, 338 (Ark. 1990). Therefore, the Court finds it unlikely that

---

[1] According to the Supreme Court, "if nondischargeability must be proved only by a preponderance of the evidence, all creditors who have secured fraud judgments, the elements of which are the same as those of the fraud discharge exception [in bankruptcy], will be exempt from discharge under collateral estoppel principles." *Grogan v. Garner*, 498 U.S. 279, 285 (1991).

4

conversion formed the basis for the punitive damages awarded in the *Judgment of the Jury*.

With breach of contract and conversion discounted as probable bases for the award of punitive damages, the Court is left with two causes of action–intentional infliction of emotional distress (also called outrage) and fraud (also called deceit)–either of which could furnish an appropriate basis for punitive damages. *See Croom v. Younts*, 913 S.W.2d 283 (Ark. 1996) (punitive damages available in outrage cases); *see also Wheeler Motor Co., Inc.*, 867 S.W.2d at 450 (punitive damages available in deceit cases). Based on its deductive exercise, the Court finds that a determination of at least one of these causes of action was essential to the *Judgment of the Jury*–but the Court cannot say with certitude that it was fraud. As a result, the Court finds that the fourth element of collateral estoppel is not met in this case and denies the plaintiff's motion for summary judgment as to § 523(a)(2)(A).[2]

**Findings of Fact & Conclusions of Law**

Based on the Court's January 14 order, the parties agreed that the primary issue remaining for this Court to decide at the trial of the adversary proceeding was whether the state court jury awarded the plaintiff $60,000 in punitive damages based upon intentional infliction of emotional distress, which would be a dischargeable debt, or upon fraud, which would be a nondischargeable debt under § 523(a)(2)(A).[3] *See Grogan,* 498 U.S. at 285. To establish the tort of intentional infliction of emotional distress–also called outrage–in Arkansas, a plaintiff must prove:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the

---

[2] The Court also concluded in its January 14 order that the first three elements of collateral estoppel were met as to embezzlement under § 523(a)(4), but, as with § 523(a)(2)(A), the Court could not say that the determination was essential to the state court's judgment and denied summary judgment on that basis.

[3] During the August 7, 2019 hearing on a motion in limine filed by the plaintiff, counsel for both parties stated on the record that in the light of the Court's January 14 order, the focus of the trial would be determining the basis for the jury's award of punitive damages.

> conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000) (citing *Angle v. Alexander*, 945 S.W.2d 933 (Ark. 1997)). Although the allegations relating to intentional infliction of emotional distress were deemed admitted based upon the debtor's failure to file an answer to the plaintiff's state court complaint, the task before this Court is to determine whether the jury was presented with evidence at the damages trial that could have resulted in an award of punitive damages based upon intentional infliction of emotional distress.

At the August 15 trial, the plaintiff called his daughter, Sondra Contreras [Ms. Contreras], as a witness. Ms. Contreras testified that she had also been called as a witness at the damages trial in state court. Ms. Contreras testified that during the damages trial in state court, she did not testify about her father's mental state but did testify about her knowledge of "two other instances of fraud" committed by the debtor–one involving Ernesto Gaucin [Gaucin] and the other involving Graciela Guererro [Guererro]. Ms. Contreras also stated on August 15 that when she testified at the damages trial, she told the jury that she believed the debtor should be punished for his fraud.

The plaintiff also called Guererro as a witness at the August 15 trial. Guererro represented to this Court that she had testified at the damages trial in front of the jury. Guererro testified that she gave the debtor between $2000 and $3000 to repair her vehicle in 2015. Guererro also testified that the debtor kept her vehicle for almost a year and that it was difficult for her to get the vehicle back from the debtor because he was never at his repair shop and he did not answer her phone calls or respond to the messages that she had left for him. Although she did eventually regain possession of her vehicle, she testified that the vehicle was only partially repaired when the debtor returned it to her. Because the vehicle was not completely repaired, Guererro asked the debtor to return her money

6

but he did not do so.[4]

In addition, the plaintiff testified at the August 15 trial that he did not tell the jury about any emotions that he experienced as a result of the debtor's actions. The plaintiff also testified that he did not have any "bad history" with the debtor prior to the debtor taking possession of his vehicle, nor did the plaintiff believe that the debtor had any motivation to upset or anger him. The plaintiff testified that he told the jury that the debtor had taken his property and that he had called the police to tell them that the debtor had taken his property. The plaintiff also testified that he wanted his vehicle back. The debtor testified at the August 15 trial that he initially took the plaintiff's vehicle to his repair shop but later moved it to his residence because it was "safer" there and because he did not have a lot of room at his repair shop. When plaintiff's counsel questioned the debtor about why his bankruptcy schedules stated that he had an interest in the plaintiff's vehicle, the debtor denied that he had assumed ownership of the vehicle and testified that he had listed the vehicle in his bankruptcy schedules because the vehicle was on his property and he did not have "any idea" what to do with it. The debtor later testified in response to his own attorney's questions that he believes that the plaintiff is the owner of the vehicle.

Because there is no evidence before this Court to suggest that the plaintiff's emotions were even discussed during the damages trial, the Court finds that the jury could not have based its award of punitive damages on intentional infliction of emotional distress. Therefore, the Court finds that the jury's award of punitive damages was based upon fraud–making a determination of fraud essential to the state court's judgment and satisfying the final element necessary for the Court to apply collateral estoppel to the

---

[4] Although Gaucin also testified at the August 15 trial about his experience with the debtor, the Court finds that Gaucin's testimony is not relevant to the issues before the Court.

plaintiff's cause of action under § 523(a)(2)(A).[5] As a result, the Court finds that the punitive damage award of $60,000 is nondischargeable under § 523(a)(2)(A). *See Grogan*, 498 U.S. at 285.

Further, based upon the evidence introduced at the August 15 trial combined with the findings previously made by the Court in its January 14 order, incorporated herein by reference, the Court finds that the elements required for embezzlement under § 523(a)(4) are satisfied. Specifically, the Court finds that: (1) the debtor was rightfully in possession of the plaintiff's property because the parties agreed that the debtor would repair the vehicle and return it to him in a "couple of weeks"; (2) the debtor appropriated the plaintiff's property for a purpose other than that for which he lawfully possessed it because the debtor did not repair the vehicle as promised but instead drove it from his repair shop to his residence, where–according to the debtor's testimony on August 15 and his bankruptcy schedules–it remains even now; and (3) the circumstances indicate fraud for the reasons cited in the Court's January 14 order. *See Jones v. Hall* (*In re Hall*), 295 B.R. 877, 882 (Bankr. W.D. Ark. 2003) (citing *Nat'l Bank of Commerce of Pine Bluff* (*In re Hoffman*), 70 B.R. 155, 162 (Bankr. W.D. Ark. 1986)). Therefore, the Court also finds that the debt arising from the debtor's embezzlement of the plaintiff's vehicle is nondischargeable under § 523(a)(4).[6]

---

[5] In the Court's January 14 order, the Court discounted conversion as a probable basis for the jury's award of punitive damages. However, the Court recognizes that punitive damages may be awarded in conversion cases if the conversion was committed "for the purpose of violating [the plaintiff's] right to the property or for the purpose of causing damages." *See Goodwin*, 783 S.W.2d at 338. However, in the instant case, the state court complaint alleged only that the debtor "intentionally took or exercised dominion or control over the personal property in violation of the [p]laintiff's rights." In other words, the state court complaint alleged only conversion, rather than conversion plus the type of intent required for punitive damages.

[6] Although the Court finds that the debt arising from the debtor's embezzlement of the plaintiff's vehicle is nondischargeable under § 523(a)(4), the Court has insufficient evidence to determine the amount of the debt. In addition, while the plaintiff alleged that the debtor embezzled both his vehicle and his $500, the Court has no evidence regarding

**Conclusion**

For all of the above-stated reasons, the Court finds that the $60,000 punitive damage award obtained by the plaintiff in state court is nondischargeable under § 523(a)(2)(A). The Court also finds that the remainder of the state court judgment is dischargeable. In addition, the Court finds that the debt arising from the debtor's embezzlement of the plaintiff's vehicle is nondischargeable under § 523(a)(4). The Court further finds that the debtor should return the plaintiff's vehicle to him within 7 days of the date of the entry of this order. The Court directs the parties' attorneys to work together to facilitate the transfer of the vehicle from the debtor to the plaintiff within the time frame specified by the Court.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 10/09/2019

cc: Donald A. Brady
Ken David Swindle
Jennifer L. DuCharme
Joyce Bradley Babin

---

the use to which the debtor put the plaintiff's $500 and, as a result, the Court cannot say that the debtor appropriated the funds for a use other than that for which he lawfully possessed them.